United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Leonardo Acanda, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-22720-Civ-Scola |
| | ) | |
| National Indemnity Company of the South, Defendant. | ) | |

## Order

This matter is before the Court upon the Plaintiff's motion for a judgment on the pleadings. (ECF No. 17.) The motion has been fully briefed and is ripe for review. (ECF Nos. 17, 18, 19.) It is **denied** for the reasons below. (**ECF No. 17**.)

### 1. Background

This action comes on the heels of a default judgment that the Plaintiff secured against the Defendant's insured, Golden Trucking LLC ("Golden"), in the Eleventh Judicial Circuit Court of Florida. The Plaintiff sued Golden for bodily injuries that he suffered during a crash while aboard one of its tractors.

After specifically finding that "the facts stated in the complaint are true and accurate and the liability allegations well pled and admitted as true by the Defendants[,]" (ECF No. 1-3), the State court awarded the Plaintiff $1,008,172.04 in damages, plus interest.

The Defendant was not a party to that suit. So, now, the Plaintiff seeks a declaration from this Court determining the Defendant to be liable for that amount, pursuant to the terms of Golden's insurance policy, which the Defendant issued. More specifically, the Plaintiff seeks that declaration under an endorsement in the policy that is required by the Federal Motor Carrier Safety ("FMCS") regulations, 49 C.F.R. §§ 387 *et seq.*, known as the MCS-90. It says, in relevant part, as follows:

> "In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in

> any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo."

(ECF No. 1-1 at 10.)

The Defendant says that the terms of the MCS-90 endorsement do not require it to compensate the Plaintiff despite the judgment against Golden. The Plaintiff naturally disagrees. Asserting this dispute to be one of contractual interpretation, the Plaintiff has moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

### 2. Legal Standard

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). "In determining whether a party is entitled to judgment on the pleadings, the Court accepts as true all material facts alleged in the non-moving party's pleading and must view those facts in the light most favorable to the non-moving party." *Roman v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1311 (S.D. Fla. 2020) (Ruiz, J.), *aff'd*, No. 20-13699, 2021 WL 4317318 (11th Cir. Sept. 23, 2021) (cleaned up). Further, a motion for judgment on the pleadings is subject to the same analysis as a motion to dismiss pursuant to Rule 12(b)(6). *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

### 3. Analysis

Before addressing the merits, the Court takes up the Plaintiff's suggestion that the Defendant is foreclosed from arguing that the MCS-90 endorsement does not apply. The Plaintiff says that the Defendant was aware of the underlying litigation "two weeks before Plaintiff filed his underlying complaint." (ECF No. 19 at 7.) So, according to him, it is not entitled "to raise any defense to the plaintiff's claim that it could have raised" in the underlying action. *See Gallagher v. Dupont*, 918 So. 2d. 342, 347 (Fla. 5th DCA 2005).

However, the default judgment does not have that preclusive effect here. Most courts treat "the insurer's obligation under the MCS-90 endorsement as one of a surety." *Nat'l Spec. Ins. Co. v. Marin-Vegue*, 644 F. App'x 900, 906 (11th

Cir. 2016). In turn, "[w]here it is not made to appear that the surety knew of and had opportunity to defend the [underlying] suit, then the judgment is [only] *prima facie evidence* that the surety is liable, sufficient to support a verdict *unless* it is rebutted by proof on the part of the surety that it was obtained through fraud or collusion, or that the loss or liability created by the judgment arose *from acts other than those indemnified against* under the conditions of the bond." *Heritage Ins. Co. of Am. v. Foster Elec. Co., Inc.*, 393 So. 2d 28, 29 (Fla. 3d DCA 1981) (emphasis added) (cleaned up) (quoting *Lake Cnty. ex rel. Baxley v. Mass. Bonding & Ins.Co.*, 75 F.2d 6 (5th Cir. 1935)).

Although the Defendant may have known about the underlying litigation, the record before the Court is unclear as to whether the Defendant had an opportunity to defend against it—particularly because the Defendant was not a party. So, at least for purposes of this motion, the Defendant may, indeed, challenge its liability under the State court judgment by arguing that the liability results from circumstances other than those it agreed to "indemnif[y] against" under the MCS-90 endorsement. *See id.*

With that matter resolved, the Court turns to the merits. As seen above, the endorsement clearly excludes liabilities stemming from "injury to[,] or death of[,] the insured's employees while engaged in the course of their employment." (ECF No. 1-1 at 10.) Thus, the controlling question is whether: (1) the Plaintiff was a Golden employee that (2) was engaged in the course of his employment.

The Defendant seems to miss the latter point. It argues: *first*, that the Plaintiff *was* a Golden employee (but that only addresses one part of the inquiry), and *second*, that he was not a member of the public. (ECF No. 13 at 4.) The latter argument apparently arises from the fact that the endorsement provides coverage only for "public liability." But the argument is unconvincing. The endorsement defines "public liability" to mean "liability for bodily injury, property damage, and environmental restoration." (*Id.*) By its plain wording, the term does not mean "liability stemming from actions involving only non-employees."

So, the Defendant's only colorable argument is its first, which, again, only addresses part of the inquiry. Nevertheless, the Plaintiff responds by positing that the State court ruled him to be a "passenger" when it found the factual allegations in his complaint to be true. This is because the State court complaint alleged that the Plaintiff was "asleep in the back of the tractor" and that he "was an authorized passenger[.]" (ECF No. 17-1 at ¶¶ 22-23.) However, those allegations are not dispositive.

Nothing about a plain reading of the State court documents suggests that a person's being an "authorized passenger" is mutually exclusive of that person's also being an employee. Nowhere does the State court complaint explicitly allege that the Plaintiff was *not* a Golden employee, and nowhere did the State court

make such a finding. In fact, the FMCS regulations *do* sometimes consider drivers—who may well be "employees"—to be "passengers." *See* 49 C.F.R. § 390.3(f)(6). By consequence, the question of whether the Plaintiff is subject to exclusion as an employee would remain even if the Defendant were bound to accept that the Plaintiff was a passenger. Because the pleadings *do not* conclusively establish that the Plaintiff was *not* an employee, a material issue of fact exists, which precludes a summary disposition at this juncture.

To complicate matters further, the FMCS regulations define an "employee" to mean a person other than an "employer, who is employed by an employer and who in the course of his or her employment *directly affects commercial motor vehicle safety.*" 49 C.F.R. § 390.5 (emphasis added). Nothing in the pleadings establishes whether the Plaintiff's role "directly affect[ed] commercial motor vehicle safety." *Id.* That is a material factual gap that the Court cannot ignore.

And again, whether the Plaintiff was an employee is only part of the inquiry. If he was an employee, equally important is the question of whether the Plaintiff was "engaged in the course of [his] employment," as excluded by the endorsement's language. The Plaintiff seems to build much of his case on the fact that he was asleep during the crash. Yet, additional factors may inform the import of that fact. Was the Plaintiff on a paid break while he was asleep? Was he scheduled by Golden to be onboard the truck? Was the Plaintiff sleeping on company time?

As shown, the record before the Court is insufficiently developed for it to entertain a summary disposition of this matter at this juncture.

### 4. Conclusion

Because material facts have yet to be established, a judgment on the pleadings is improper. The Plaintiff's motion is **denied**. (**ECF No. 17**.)

**Done and ordered** in Miami, Florida, on January 23, 2023.

Robert N. Scola, Jr.
United States District Judge